**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSALINDA O. CARINO,<br><br>        Plaintiff,<br><br>v.<br><br>CHIEF SHERIFF ARMANDO B. FONTOURA,<br><br>        Defendant. | Civil Action No. 15-06143(SDW)<br><br>**WHEREAS OPINION**<br><br>June 28, 2022 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Rosalinda O. Carino's ("Plaintiff") Motion to Recuse,[1] (D.E. 14); and

**WHEREAS** "Under 28 U.S.C. § 144, a judge must recuse if the litigant files a sufficient affidavit alleging that the judge has a personal bias or prejudice against him [or her]." *Kabbaj v. Am. Sch. of Tangier*, 775 Fed. Appx. 718, 719 (3d Cir. 2019). Section 455 provides that a judge "of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned," or "[w]here he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455 (a), (b)(1). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). "Under § 455(b)(1), a movant must show 'a favorable or unfavorable disposition or opinion that

---

[1] Plaintiff did not specify under which statute the instant Motion should be analyzed. This Court will examine the Motion pursuant to 28 U.S.C. §§ 144 and 455.

is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree.'" *J.C. v. Richards*, Civ. No. 18-13947, 2019 WL 3369690, at *4 (D.N.J. July 26, 2019) (alteration in original) (quoting *Liteky v. United States*, 510 U.S. 540, 550 (1994)); and

**WHEREAS** Plaintiff has not filed a sufficient affidavit alleging personal bias or pointed to any evidence that supports a finding that I am biased or prejudiced against her, that I have any personal knowledge of the facts of this case, or that I am unable to be impartial. Rather, Plaintiff disagrees with my rulings in this matter and seeks to have them reviewed by another judge. That disagreement is not grounds for recusal. Plaintiff's concerns are appropriately addressed in the appeal she has filed with the United States Court of Appeals for the Third Circuit. (*See* D.E. 11–13.) Plaintiff having failed to set out a basis for my recusal,

**IT IS, on this 28th day of June, 2022**,

**ORDERED** that Plaintiff's Motion to Recuse is **DENIED**.

**SO ORDERED**.

                                                                /s/ Susan D. Wigenton
                                                     **United States District Judge**

Orig: Clerk
cc: Parties